**Audrey L. CREEKMORE, Appellant,**

**v.**

**HORTON AND HORTON, INC., Appellee.**

**No. 690.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 8, 1972.

Rehearing Denied Nov. 29, 1972.

W. Robert Brown, Fred E. Croshaw, Jess Hall, Jr., Liddell, Sapp, Zivley & Brown, Houston, for appellant.

Kelly D. Williams, Sim Lake, Fulbright, Crooker & Jaworski, Houston, for appellee.

TUNKS, Chief Justice.

Audrey L. Creekmore, as plaintiff in the trial court, sued Tracie D. Pearman, Jr. and Horton and Horton, Inc. for personal injuries sustained when the car she was driving was struck by a car being driven by Pearman. At the time of the collision Pearman was employed by Horton and Horton, Inc. and the car he was driving belonged to the employer. Horton and Horton, Inc. moved for summary judgment upon the ground that the evidence showed as a matter of law that Pearman was not acting within the scope and course of his employment at the time of the collision. The trial court granted such motion and rendered summary judgment that the plaintiff take nothing from Horton and Horton, Inc. The action against Horton and Horton, Inc. was severed from that against Pearman, thus making the summary judgment final and appealable. Thereupon Audrey L. Creekmore perfected her appeal.

We reverse the judgment of the trial court and remand the case for trial.

The summary judgment evidence consisted of the depositions of Pearman and other employees and officials of Horton and Horton, Inc. The facts of Pearman's employment by Horton and Horton, Inc., and of the employer's ownership of the car involved are undisputed.

Horton and Horton, Inc. is in the building material business. Pearman was employed by it as a salesman. The employer furnished him with the car to be used by him in calling on customers. He was permited to drive the car home and keep it at night and, presumably, on weekends. The car was equipped with a two-way radio by which his employer's office could establish contact with Pearman while he was driving the car. The expenses of the operation of the car were paid by Horton and Horton, Inc. The cost of repairing the damage to the automobile which resulted from the collision was paid by the employer.

Mr. Fred Kallina, sales manager for Horton and Horton, Inc. and Pearman's supervisor, testified by deposition as to the arrangement under which Pearman drove the the car. He said that the automobile could be used by Pearman "for personal use." He was asked: "Did he (Pearman) furnish the gas and oil for the automobile?" He answered: "He possibly could if it was used for private use. Normally the gas and oil was furnished by Horton & Horton, for business purposes."

This collision occurred at about 4:00 o'clock P.M. Pearman testified by deposition that he was on his way home at the time. He had worked that day. He normally worked later than he did on the day in question. He became ill that day while at work and was going home early for that reason.

That Pearman was acting within the scope and course of his employment was one of the basic elements of the plaintiff's cause of action against his employer. To be entitled to summary judgment because of the absence of that element in the plaintiff's cause of action against it Horton and Horton had the burden of proving as a matter of law that Pearman was not acting within the scope and course of his employment at the time of the collision.

**150** ▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬

Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970).

▬▬ The evidence that Pearman was employed by Horton and Horton, Inc. and that the latter owned the car gave rise to a presumption that Pearman was in the scope and course of his employment. That presumption was subject to being rebutted by showing that Pearman was engaged on a mission that was purely personal to him. If such rebuttal evidence was introduced, the facts of employment and ownership, while remaining in the case, would not, standing alone, be legally sufficient to raise the issue of scope of employemnt on which the plaintiff would, in a regular trial, have the burden of proof. However, evidence sufficient to rebut and destroy the presumption would not necessarily show as a matter of law that the employee was outside the scope of employment, on which issue the movant for summary judgment here had the burden of proof. Robertson Tank Lines, Inc. v. Van Cleave, 468 S.W.2d 354 (Tex.Sup. 1971); Hudiburgh v. Palvic, 274 S.W.2d 94 (Tex.Civ.App.—Beaumont 1954, writ ref'd n. r. e.).

▬▬ The facts of this case do not show conclusively that Pearman was outside the scope of his employment. They constitute some evidence that he was acting within such scope. His driving the car home was authorized by his employer. He used the car in his work and could be reached by his employer while driving home. His supervisor testified that Pearman "possibly" could have paid for the oil and gas consumed by the car when he used it for a personal purpose. It is apparent that the employer paid for the oil and gas consumed in driving to and from work. The fact that the employer paid the cost of the repairs occasioned by the collision indicates that the employer considered his driving to be in the course of his employment. The evidence; wholly apart from any presumption arising out of the facts of employment and ownership of the vehicle, raised the issue of scope of employment and effective-

ly prevented the movant for summary judgment from showing that such element of the plaintiff's cause of action was, as a matter of law, negated. See Collin County Motor Co. v. Howard, 121 S.W.2d 460 (Tex. Civ.App.—Dallas 1938, writ dism'd); Ineeda Laundry v. Newton, 33 S.W.2d 208 (Tex. Civ.App.—Beaumont 1930, writ dism'd); McKeage v. Morris & Co., 265 S.W. 1059 (Tex.Civ.App.—Waco 1924, no writ); Trachtenberg v. Castillo, 257 S.W. 657 (Tex.Civ.App.—El Paso 1923, writ dism'd); Restatement of the Law of Agency 2d sec. 229, Comment d, Illustration 11 (1958); 52 A.L.R.2d 350, 368; 7 Tex.Jur.2d Automobiles sec. 214 (1959); 6 Blashfield, Automobile Law & Practice, Sec. 253.34 (1966).

Reversed and remanded.