**George GEBERT, Appellant,**

v.

**Arthur CLIFTON, Jr., et ux., Appellees.**

**No. 1580.**

Court of Civil Appeals of Texas,
14th District.

June 22, 1977.
Rehearing Denied July 13, 1977.

Gay C. Brinson, Jr., Vinson & Elkins, Houston, for appellant.

Richard W. Mithoff, Jamail & Gano, Houston, Warren E. Burnett, Odessa, for appellees.

COULSON, Justice.

This is an appeal from the judgment of the 55th District Court of Harris County, Texas overruling appellant's plea of privilege to have this action transferred to Jim Wells County, Texas, the county of appel-

lant's residence. Appellees, Arthur Clifton, Jr., and his wife, Nada Clifton, brought this action to recover for the personal injuries sustained by Mrs. Clifton in an intersectional collision in Odessa, Ector County, Texas between a vehicle owned and driven by Nada Clifton, and a vehicle owned by defendant Wilson Industries, Inc., and driven by Wilson's employee, George Gebert. Appellees filed this action in Harris County, appellant filed his plea of privilege to be sued in Jim Wells County, and appellees filed a controverting affidavit, alleging venue to be established in Harris County under subdivisions 4 and 29a of Tex.Rev. Civ.Stat.Ann. art. 1995 (1964).

Appellees' controverting affidavit incorporated by reference their original petition, which alleged that defendant Wilson Industries, Inc. and/or Wilson Downhole Engineering, a division of Wilson Industries, Inc. (hereinafter Wilson) owned the vehicle driven by Gebert on the occasion in question; Gebert was the employee of Wilson; Gebert was negligent in causing the automobile accident made the basis of this suit; such negligence was imputable and chargeable to the defendant Wilson; at all times material to this cause of action Gebert was driving such vehicle within the course and scope of his employment for Wilson and with the full permission and consent of Wilson; and the main office of Wilson is in Houston, Harris County, Texas.

The district court overruled appellant's plea of privilege. We affirm.

Appellees concede that subdivision 29a has no application to this case. Appellant concedes that the appellees have proven that Wilson is a resident of Harris County, and that Gebert, the non-resident defendant, is at least a proper party to appellees' claim against Wilson. Appellant contends that the appellees have not, as required by subdivision 4, pleaded and proved that they have in fact a cause of action against Wilson, the resident defendant.

Thus, the only issue left to be resolved by the trial court was whether at the time in question George Gebert was acting within the scope of his employment, thereby rendering defendant Wilson liable under the doctrine of respondeat superior.

Gebert's residence and normal place of work was in Alice, Jim Wells County, Texas. He was employed by Wilson to manage its office in Alice. Mr. Mac Ponder, the district manager for Wilson and supervisor of Gebert, testified on deposition that he sent Gebert from the office in Alice to the office in Odessa because the Odessa office manager had been fired, and it was necessary to have Gebert travel to Odessa immediately to take care of the files and business in the Odessa office. He further testified that at the time and on the occasion in question, Gebert had full permission and authority to use the car owned by Wilson; Gebert was using the car in the furtherance of Wilson's business in Odessa; Wilson furnished office managers transportation only when on special assignment; Wilson pays the expenses of its employees that are out of town on business; and Wilson would have paid Gebert's taxi fare from his motel to the Odessa office had no company car been provided. Gebert testified on deposition that the vehicle was furnished him in furtherance of his job and business for Wilson, and just for the time that he stayed in Odessa.

Where the evidence establishes that a vehicle was owned by an employer and driven by his employee, a presumption arises that the driver was acting within the scope of his employment when the accident occurred. The presumption arises from the fact of ownership of the vehicle and employment of the driver; and when unrefuted, the presumption prevails that the driver was acting within the scope of his employment. Once the presumption is rebutted by positive evidence to the contrary, the presumption disappears and the plaintiff must introduce independent evidence showing that the employee was acting in the course and scope of his employment. *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357–59 (Tex.Sup.1971).

An employee is not ordinarily within the course and scope of his employment

while using the public streets in going to or coming from work. An exception to this rule is where the employee has undertaken a special mission at the direction of his employer, or is performing a service in furtherance of the employer's business with the express or implied approval of the employer. *American Gen. Ins. Co. v. Coleman,* 157 Tex. 377, 303 S.W.2d 370, 374 (1957).

Wilson argues that the evidence established that Gebert was merely driving to work at the time of the accident; this evidence effectively rebutted the presumption that Gebert was within the course and scope of his employment; no relative affirmative evidence beyond the ownership of the car and the fact of Gebert's employment was offered; and, therefore, the plea of privilege should have been sustained. We disagree.

This court was faced with a factual situation somewhat similar to the facts of the present case in *Creekmore v. Horton & Horton, Inc.,* 487 S.W.2d 148 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.). *Creekmore* was not a plea of privilege case, but the issue was whether the defendant was acting within the course and scope of his employment at the time of the accident in question. The plaintiff in that case sustained personal injuries when her car was struck by a car owned by Horton & Horton and driven by one of the company's employees on his way home from work. The evidence established that the car was furnished by the employer to be used in the employee's work; the employee was permitted to drive the car home and keep it at night; the employer paid the operating expenses of the car; and the employer paid the cost of repairing damage to the car which resulted from the collision.

Horton & Horton was granted summary judgment on the ground that the evidence showed as a matter of law that the employee was not acting within the course and scope of his employment at the time of the collision. Chief Justice Tunks reversed and remanded:

> The evidence, wholly apart from any presumption arising out of the facts of em-

ployment and ownership of the vehicle, raised the issue of scope of employment and effectively prevented the movant for summary judgment from showing that such element of the plaintiff's cause of action was, as a matter of law, negated. *Creekmore v. Horton & Horton,* 487 S.W.2d at 150. *See also Dictaphone Corp. v. Torrealba,* 520 S.W.2d 869 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.).

Wilson did not prove that Gebert was merely driving to work at the time of the accident. Gebert's home and office were in Alice. He would not have been in Odessa but for the special circumstances brought about by the firing of the Odessa office manager. Gebert was in Odessa at the direction of his employer and in furtherance of the employer's business.

Even if we assume that Wilson introduced sufficient evidence to rebut the presumption, there is ample independent evidence that Gebert was within the course and scope of his employment at the time of the accident. The trial court properly overruled appellant's plea of privilege.

Judgment affirmed.