**CHEVRON, U.S.A., INC., Appellant,**

v.

**Bobby LEE and Linda Cunningham, Appellees.**

No. 08–92–00290–CV.

Court of Appeals of Texas, El Paso.

Jan. 27, 1993.

Rehearing Overruled Feb. 24, 1993.

David Martindale, G. Alan Kramer, Houston, for appellant.

Warren Heagy, Odessa, for appellees.

Before KOEHLER, BARAJAS and LARSEN, JJ.

OPINION

**BARAJAS, Justice.**

This is an appeal from a negligence case arising out of an automobile accident in which the jury found in favor of Appellees, Bobby Lee and Linda Cunningham, awarding them the sum of $187,229.61. Appellant, Chevron, U.S.A., Inc., in its sole point of error, asserts that there was no evidence to support the jury's finding that its employee was in the course and scope of his employment at the time of the accident. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

The record in the instant case establishes that Larry Hummel was regularly employed as an engine operator at Appellant's Warren Sand Hill Plant located in Crane County, Texas. As part of his employment, Hummel was required to attend a TQA (Total Quality Awareness) seminar on July 10, 1991 at Chevron's Midland Training Center, located approximately sixty miles from his residence in Monahans. On July 9, 1991, after completing his normal shift at the plant in Crane County, Hummel drove to Odessa, where he spent the night at his own expense. Early the next morning Hummel left for the mandatory seminar, and while en route, was involved in an automobile accident with the Cunninghams.

The record shows that at the time of the accident, Hummel was the sole occupant in his privately owned vehicle. The record further establishes that at the time of the accident, Hummel was ordered to attend the mandatory seminar in Midland, Texas on what otherwise would have been his day off from normal employment; was paid mileage for his travel to the mandatory seminar; and that the attendance at the mandatory seminar was for the ultimate benefit of his employer, Chevron, U.S.A.

After finding that Hummel was within the course and scope of his employment at the time of the accident, the jury found in favor of the Cunninghams. Chevron filed its motion for judgment notwithstanding the verdict which was overruled by the trial court.

## II. DISCUSSION

■ In its sole point or error, Chevron challenges the legal sufficiency of the jury's finding that its employee, Larry Hummel, was acting within the course and scope of his employment at the time of the accident.

When presented with a "no evidence" or legal insufficiency challenge, this Court will consider the evidence and all reasonable inferences drawn therefrom which, when viewed in the most favorable light, would support the jury's verdict, and disregard all evidence and inferences to the contrary. If there is more than a scintilla of evidence to support the jury's finding, the "no evidence" point must fail. *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400, 401 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Worsham Steel Co. v. Arias,* 831 S.W.2d 81 (Tex.App.—El Paso 1992, no writ); *Fuentes v. McFadden,* 825 S.W.2d 772 (Tex.App.—El Paso 1992, no writ).

■ The test in our jurisdiction for determining a master's liability for the negligent acts of his servant is "whether on the occasion in question, the master has the right and power to direct and control the servant in the performance of the causal act or omission at the very instance of its occurrence." *Wilson v. H.E. Butt Grocery Co.,* 758 S.W.2d 904, 907 (Tex.App.—Corpus Christi 1988, no writ); *Parmlee v. Texas & New Orleans Railroad Co.,* 381 S.W.2d 90 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.). To show the requisite degree of control, the act must be "done within the general authority of the master in furtherance of the master's business, and for the accomplishment of the object for which the servant is employed." *London v. Texas Power & Light Co.,* 620 S.W.2d 718, 719–20 (Tex.Civ.App.—Dallas 1981, no writ); see also *Parmlee,* 381 S.W.2d at 94.

■ As a general rule, an employee is not in the course and scope of his employment while driving his own vehicle to and from his place of work, absent other factors. *Wilson,* 758 S.W.2d at 907; *London,*

620 S.W.2d at 720; *American Nat. Ins. Co. v. O'Neal*, 107 S.W.2d 927 (Tex.Civ.App.—San Antonio 1937, no writ). However, an exception to the general rule exists where an employee has undertaken a special mission at the direction of his employer or is otherwise performing a service in furtherance of the employer's business with the express or implied approval of the employer. *Gebert v. Clifton*, 553 S.W.2d 230, 232 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dismissed).

Appellees, Bobby Lee and Linda Cunningham, rely on a number of pieces of evidence in order to establish that Hummel, by his attendance at the mandatory seminar, was under the direction and control of Chevron while en route to Midland, Texas, and, further, that such mandatory attendance amounted to a "special mission." We agree.

■ To date, the concept of "special mission" has escaped full definition in Texas. However, inherent in any applicable definition is the principle that an employee must be under the control of the employer or acting in furtherance of the employer's business to be on any such "special mission." See *American General Insurance Company v. Coleman*, 157 Tex. 377, 303 S.W.2d 370, 374 (1957); *Gebert*, 553 S.W.2d at 232; *London*, 620 S.W.2d at 720; *Parmlee*, 381 S.W.2d 90.

■ As noted above, the record clearly demonstrates that at the time of the accident, Hummel was not traveling from his home to his normal place of business, nor was he traveling for his own purpose. His travel was at the direction of his employer, Chevron. While the mode of travel was not dictated by Chevron, the requirement of travel was. Chevron exerted its control over Hummel to the extent that he was required to forego any personal time he would have otherwise enjoyed during his scheduled day off, in favor of mandatory attendance at a "Total Quality Awareness" seminar at a location other than his normal place of work. His expenses of travel were paid based on a schedule adopted by the employer.[1] Moreover, his attendance at the seminar was for the ultimate benefit of his employer, Chevron, U.S.A. Consequently, we find that a "special mission" exists when an employee is not simply traveling from his home to his normal place of employment, or returning from his normal place of employment to his home for his own purpose, but is traveling from his home or returning to it on a special errand either as part of his regular duties or at the specific order or request of his employer. If found to be on a special mission, the employee will be considered to be in the course and scope of his employment from the time that the employee commences the special mission until its termination, absent any deviation therefrom for personal reasons. See *Boynton v. McKales*, 139 Cal. App.2d 777, 789, 294 P.2d 733 (1956).

Applying the strict standard of review in addressing challenges to the legal insufficiency of evidence, we have carefully reviewed the evidence in the instant case, as well as any and all reasonable inferences drawn therefrom which, when viewed in the most favorable light, supports the jury verdict, and find that once all evidence and inferences to the contrary have been disregarded, that there is more than a scintilla of evidence to support the jury's finding that Hummel was in the course and scope of his employment with Chevron, U.S.A., Inc. at the time of his accident. Accordingly, Chevron's "no evidence" point fails and its sole point of error is overruled.

Having overruled Appellant's sole point of error, the judgment of the trial court is affirmed.

---

1. The record reflects that Chevron reimbursed its employees for travel from Monahans, Texas to the Midland Training Center pursuant to an established schedule.