CV4-746 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00746-CV







Ubaldino Hernandez and Georgia Hernandez, Appellants



v.



Glen T. Christianson d/b/a/ Christianson Company, Christianson Brothers Commercial
Division, Christianson Enterprises, Christianson Properties, and Christianson Air
Conditioning & Heating, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 457,572, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING








PER CURIAM


 Appellants Ubaldino and Georgia Hernandez appeal from the summary judgment
rendered against them in their personal injury action. The suit arose out of an automobile accident
involving Ubaldino Hernandez and Terrence Neidig, appellee's (1) employee. In one point of error,
appellant contends that the trial court erred in granting summary judgment for appellee because
material fact issues existed concerning appellee's liability. We will affirm the judgment.



Background


 In February 1987, Neidig allegedly drove a trailer-hauling pickup truck into the
back of another truck in which appellant Ubaldino Hernandez was a passenger. Neidig leased the
truck that he was driving and a "DitchWitch" (2) from a corporation in which appellee Glen
Christianson was a shareholder and officer. The accident occurred during the lease period. 
Although Neidig was an employee, appellee contended he was not acting within the course and
scope of his employment at the time of the accident. Appellee moved for summary judgment,
contending that he had negated the only two causes of action pleaded against him: negligence
based on vicarious liability and negligent entrustment.



Summary Judgment


 On review of a summary judgment, the movant for summary judgment has the
burden of showing that there is no genuine issue of material fact and it is entitled to summary
judgment as a matter of law. Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d 546,
548-49 (Tex. 1985). The dispositive issue is not whether the summary judgment proof raises fact
issues, but whether the summary judgment proof establishes as a matter of law that there is no
genuine issue of material fact. See Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex.
1970). For a defendant-movant to obtain a summary judgment, it must disprove, as a matter of
law, one essential element of each of plaintiff's causes of action. Lear Siegler, Inc., v. Perez, 819
S.W.2d 470, 471 (Tex. 1991); Toungate v. Bastrop Indep. Sch. Dist., 842 S.W.2d 823, 825 (Tex.
App.--Austin 1992, no writ).

 In a summary judgment proceeding, the non-movant must, in a written answer or
response to the motion, expressly present to the trial court those issues that would defeat the
movant's right to a summary judgment and, failing to do so, may not later assign them as error
on appeal. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 679 (Tex. 1979). 
When the moving party establishes facts entitling it to prevail, the trial court will not deny a
motion for summary judgment because the opposing party has merely alleged matters which would
require the court to render a different judgment without producing evidence. American Petrofina,
Inc. v. Allen, 887 S.W.2d 829, 830 (Tex. 1994); Kuper v. Schmidt, 338 S.W.2d 948, 951 (Tex.
1960).



Causes of Action


 Appellee had the burden to disprove, as a matter of law, at least one element of
each of appellants' pleaded causes of action. Lear Siegler, 819 S.W.2d at 471. Appellee moved
for summary judgment on two causes of action: negligent entrustment and negligence based on
vicarious liability. Appellants contend that they pleaded another cause of action, specifically, a
direct liability (3) negligence action against appellee. Appellants base this claim on a general
allegation of negligence in their original petition and the use of the words "each defendant" in
connection with that allegation. However, appellants modified the general allegation in the
petition with a specific allegation as to appellee employer-defendant. The petition alleged
specifically that the employer's negligence consisted of negligent entrustment. Specific allegations
in a pleading control over general ones, and appellants are confined to the specific allegations in
their pleadings. Monsanto Co. v. Milam, 494 S.W.2d 534, 536 (Tex. 1973); Chuck Wagon
Feeding Co., Inc., v. Davis, 768 S.W.2d 360, 364 (Tex. App.--El Paso 1989, writ denied). 
Therefore, appellee needed only to disprove one element of each of two causes of action.



Vicarious Liability


 Appellee does not dispute that Neidig was an employee. The disputed issue on
summary judgment was whether Neidig was in the course and scope of his employment such that
vicarious liability could be imposed on his employer. (4) Appellee's evidence on summary judgment
included a lease signed by Neidig, covering the period during which the accident occurred. The
lease specified that Neidig assumed responsibility for the truck and trencher and further would
indemnify appellee for any harm occurring during the lease period. Appellants' answer (5) to the
motion for summary judgment did not contend that the lease was a sham. Appellee also adduced
his affidavit in which he swore that he had personal knowledge of the company records, had
searched them, and Neidig was not on the "company time clock" during any period covered by
the lease.

 Appellants contend that the summary judgment evidence showing that Neidig was
using the truck and trencher to perform work for his church was hearsay. However, the exact
nature of Neidig's business was irrelevant, as long as he was not engaged in appellee's business. 
In his affidavit appellee swore, based on personal knowledge, that no relationship existed between
Neidig's church and any of appellee's companies. That evidence was not controverted. All
appellee had to establish was that work for Neidig's church was not within the course and scope
of Neidig's employment for appellee.

 A summary judgment may be based on the uncontroverted evidence of an interested
witness if the evidence is clear, positive and direct, otherwise credible and free from
contradictions and inconsistencies and could have been readily controverted. Tex. R. Civ. P.
166a(c); Watkins v. Hammerman & Gainer, Inc., 814 S.W.2d 867, 869-70 ((Tex. App.--Austin
1991, no writ). Appellants could have controverted the affidavit. For example, they could have
secured time records through discovery and shown that Neidig actually was working at the time
in question. Further, the existence of a written lease supports appellee's affidavit testimony. Had
Neidig been acting on appellee's behalf, such a document would have been unnecessary.

 Appellants rely on Creekmore v. Horton & Horton, Inc., 487 S.W.2d 148 (Tex.
Civ. App.--Houston [14th Dist.] 1972, writ ref'd n.r.e.), for the proposition that Neidig's
employee status and appellee's ownership of the vehicle create a fact issue. In Creekmore there
was evidence that the employee used the same car at work and while driving to and from work,
that his employer could reach him during this time, that the employer paid for the oil and gas
consumed in driving to and from work, and that the employer paid for the cost of repairs after the
collision. Id. at 150. Appellants have produced no comparable evidence.

 Appellee established facts on summary judgment that entitled him to defeat a cause
of action for negligence based on vicarious liability. Appellants did not produce controverting
evidence, but rather simply alleged matters in the answer that would lead to a different result. 
See American Petrofina, 887 S.W.2d at 830.



Negligent Entrustment


 The elements of a cause of action for negligent entrustment are: (1) the defendant
entrusted the vehicle to another; (2) the person to whom the defendant entrusted the vehicle was
an unlicensed, incompetent, or reckless driver; (3) at the time of the entrustment the defendant
knew or should have known that the driver was such; (4) the driver was negligent on the occasion
in question; and (5) the driver's negligence proximately caused the accident in question. Williams
v. Steves Indus., Inc., 699 S.W.2d 570, 571 (Tex. 1985); Monroe v. Grider, 884 S.W.2d 811,
815 (Tex. App.--Dallas 1994, writ denied). Knowledge of the driver's incompetence is an
essential element of the claim. Briseno v. Martin, 561 S.W.2d 794, 796 n. 1 (Tex. 1977); Grider,
884 S.W.2d at 815.

 Appellee produced summary judgment evidence that Neidig was not an unlicensed,
incompetent or reckless driver. Appellee produced a driving record for Neidig showing a license
and only one violation, a speeding ticket, in the three years before the February 1987 accident. 
Neidig, who was subject to random drug testing, tested negative for a variety of drugs nine days
before the accident. Appellee also swore that Neidig showed no signs of intoxication at work, and
it was company policy to send home, and possibly discharge, an employee who was intoxicated
at work. This evidence establishes that Neidig was not an unlicensed, incompetent or reckless
driver, at least in any way that left a record that would have meant that appellee should have
known or suspected Neidig was incompetent or reckless.

 Appellants produced no evidence in their answer that controverts appellee's
evidence about Neidig's ability as a driver. The trial court, once the movant has produced facts
entitling him to prevail, should not deny summary judgment based on conclusory allegations. See
American Petrofina, 887 S.W.2d at 830. Appellee successfully negated any cause of action for
negligent entrustment.

 Appellee successfully disproved at least one element of each of appellants' causes
of action and was entitled to summary judgment. We overrule appellants' point of error and
affirm the judgment of the trial court.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 16, 1995

Do Not Publish

1. [1]  Appellants originally sued Neidig, Christianson Brothers, Inc., and each of three
Christianson brothers as individuals and "doing business as" several businesses. This action
against Glen Christianson has been severed from the action against the other defendants.
2. [2]  A "DitchWitch" is a trailer-loaded tool for digging trenches.
3. [3]  Appellants' answer to appellee's motion for summary judgment asserts that a fact issue
might exist about whether appellee negligently maintained the vehicle that Neidig drove.
4. [4]  In this cause, the same facts negate liability under any theory of vicarious liability: 
employer-employee, master-servant, or principal-agent. "Servant" and "employee" in most
cases are synonymous. Northwestern Nat'l Life Ins. Co. v. Black, 383 S.W.2d 806, 810 (Tex.
Civ. App.--Texarkana 1964, writ ref'd n.r.e.). To hold a principal liable for an agent's act,
the agent must be acting in furtherance of the principal's business. Magnolia Petroleum Co. v.
Guffey, 102 S.W.2d 408, 409 (Tex. 1937); King v. Loessin, 572 S.W.2d 87, 90 (Tex. Civ.
App.--Houston [1st Dist.] 1978, no writ). Therefore, the same facts that show Neidig was not
acting in the course and scope of his employment also negate other forms of vicarious liability.
5. [5]  Appellants' brief asserts that the lease was invalid. Appellants have waived this issue
because it was never presented to the trial court. See Clear Creek Basin Auth., 589 S.W.2d at
679.