NO. 07-08-0359-CV

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL E

 

JULY 28, 2010

______________________________

 

THI OF TEXAS AT
LUBBOCK I, LLC, D/B/A

 SOUTHWEST REGIONAL SPECIALTY HOSPITAL,
APPELLANT

 

V.

 

MARIO PEREA, INDIVIDUALLY
AND AS REPRESENTATIVE

OF
THE ESTATE OF JACOB PEREA, DECEASED;

MAX
PEREA;TONY PEREA; AND GEORGE PEREA, APPELLEES

_________________________________

 

FROM THE 72ND
DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2005-533.287;
HONORABLE RUBEN REYES, JUDGE

_______________________________

 

 

Before
CAMPBELL and PIRTLE, JJ. and BOYD, S.J.[1]

 

CONCURRING
AND DISSENTING OPINION

 

I
agree with the Court’s discussion of appellant THI of Texas at Lubbock I, LLC’s
issues challenging denial of its proposed jury instruction on negligence (issue
one); the trial court’s allowing the Pereas to amend
their petition during trial (issue two); exclusion of THI’s proffered testimony
(issue six) and the trial court’s failure to apply liability caps on damages
set out in sections 41.008(b) and 74.301(b) of the Civil Practice and Remedies
Code (issue seven).  With regard to its
issues challenging the sufficiency of the evidence supporting the jury’s
findings of negligence and gross negligence (issues three, four and five), I
agree with the Court that legally and factually sufficient evidence supports
the jury’s negligence finding with regard to the negligence of THI’s
nurses.  I disagree, however, that any
evidence supports the Pereas’ “negligent
credentialing/hiring” theory of THI’s negligence.  

            As the
Court holds, expert testimony was required to establish that THI failed to act
as a reasonably prudent hospital would act in the same or similar circumstances
with regard to its decision to hire Leonard Espinoza.  The Court relies primarily on the testimony
of Dr. Haines with regard to the hospital’s hiring actions.  He said that, when hiring nurses, administrators
“should look at” the applicant’s past employment record and determine whether
the applicant “had problems or troubles at prior nursing facilities,” and that
administrators “had a duty to research the background of people they hired.”

But neither Dr. Haines nor any other
expert testified that THI did not take those actions when it hired
Espinoza.  No one said that THI’s nursing
director Connie Long or any other THI administrator hired Espinoza without review
of his employment record or a determination whether he had “problems or
troubles” during a prior employment.  The
record contains no expert testimony of THI’s breach of the standard of care Dr.
Haines described.  See Garland Cmty. Hosp. v. Rose, 156 S.W.3d 541, 545-46(Tex. 2004) (negligent credentialing). The
Court seems to assume that no reasonably prudent hospital would have hired
Espinoza as a registered nurse knowing of his discipline by the Colorado
authorities under his licensure in that state as a licensed vocational nurse,
but no expert said as much.  Nor did any
expert testify that THI’s breach of a duty to act as a reasonably prudent
hospital when it hired Espinoza proximately caused the injury to Mr. Perea.  See, e.g., Denton Regional Med.
Ctr. v. LaCroix, 947 S.W.2d
941, 950 (Tex. App.—Fort Worth 1997, no pet.). To the degree the
Court concludes otherwise, I respectfully dissent.

For the same reason, I must dissent from
the Court’s conclusion sufficient evidence supported the jury’s finding THI was
“reckless in employing” Espinoza, and thus was grossly negligent.[2]  The jury heard no expert testimony
demonstrating that THI was reckless in employing Espinoza.  No expert was even asked to express an
opinion whether THI acted in a less than prudent manner by hiring him.    

Despite my disagreement with my
colleagues on the “negligent credentialing/hiring” issue, I concur with Court’s
judgment affirming the award of punitive damages against THI, because I agree
that such an award is supported by evidence THI’s acknowledged vice-principal,
director of nursing Connie Long, ratified or approved Espinoza’s negligent
act.  See
Shamrock Communs., Inc. v. Wilie, No. 03-99-00852-CV, 2000 Tex.App.
LEXIS 8284, *14 (Tex.App.—Austin 2000, pet. denied.)
(mem. op.) (not designated
for publication), citing Prunty v. Arkansas Freightways, Inc., 16 F.3d 649, 653
(5th Cir. 1994) (case law provides that ratification may occur when
the employer confirms, adopts, or fails to repudiate the acts of its
employee).  The record includes
Espinoza’s assertion he was never disciplined for authorizing the
administration of Ativan to Mr. Perea
and Long’s admission that Espinoza remained employed for the year following
this incident.  Such testimony is
evidence of Long’s failure to repudiate Espinoza’s negligent act of authorizing
administration of Ativan.

Accordingly, I dissent from the Court’s
discussion of the plaintiffs’ “negligent credentialing/hiring” theory but concur in the judgment.

                                                                        

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 











[1]John T. Boyd, Chief
Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov=t Code Ann. ' 75.002(a)(1) (Vernon 2005).

 





[2]
The jury charge
authorized the jury to find THI was grossly negligent because of an act by
Espinoza if he was “unfit” and THI “was reckless in employing him,” or THI or
its vice-principal ratified or approved the act.  No objection was raised to this aspect of the
jury charge, so we examine the sufficiency of the evidence in light of the unobjected-to charge. 
See City of Fort Worth v. Zimlich,
29 S.W.3d 62, 71 (Tex. 2000); Soto v.
Seven Seventeen HBE Corp., 52 S.W.3d 201, 204 (Tex.App.—Houston
[14th Dist.] 2000, no pet.).