NO 07-01-0424-CR



IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL D


APRIL 2, 2002


__________________________________________


DOUGLAS PRINE,


 Appellant

v.


THE STATE OF TEXAS,


 Appellee

____________________________________________


FROM THE 183rd DISTRICT COURT OF HARRIS COUNTY;


NO. 834,588; HON. JOAN HUFFMAN, PRESIDING
_____________________________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

 Douglas Prine (appellant) appeals from a judgment adjudicating him guilty of
aggravated assault with a deadly weapon. We affirm.

 The trial court initially deferred appellant's adjudication of guilt and placed him
on community supervision. The state subsequently moved to adjudicate him guilty. The
court granted the motion, adjudicated appellant guilty, and sentenced him to 40 years
in prison. Appellant perfected a timely appeal, but his appointed counsel filed an
Anders brief. (1) In the latter, counsel addressed two potential issues but concluded they
were groundless. So too did she inform appellant of this circumstance and his right to
review the record and tender a pro se response. Appellant tendered such a response
which encompassed the same issues mentioned by counsel and one other. We now
address the validity of same.

 Appellant's first issue concerns his right to self-representation at the time he
pled guilty to the charges ultimately resulting in his conviction. He contends that he is
able to raise the matter under the authority of Jordan v. State, 54 S.W.3d 783 (Tex. 
Crim. App. 2001). However, his reliance on Jordan is misplaced. Jordan dealt with
the ability of an appellant initially granted deferred adjudication to attack his plea after
being adjudicated guilty. Normally, complaints regarding the initial plea and matter
arising prior thereto must be raised immediately after the trial court's decision to defer
the adjudication of guilt. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 
1999). With the advent of Jordan, matters which could have been asserted and that
void the judgment may now be raised once guilt is adjudicated. Id. at 785-87. 
Nevertheless, this window of opportunity is small for a judgment is void only if the court
rendering it had no jurisdiction over the subject matter or person involved or lacked the
power to enter it or the capacity to act as a court. Light v. State, 993 S.W.2d 740, 749
(Tex. App.-Austin 1999), rev'd on other grounds, 15 S.W.3d 104 (Tex. Crim. App.
2000); Adams v. State, 827 S.W.2d 31, 33 (Tex. App.-Dallas 1992, no pet.). And, the
contention at bar regarding the ability to represent oneself at trial falls within none of
these categories. Thus, it is not something which we can address. 

 The next issue mentioned by appellant and counsel involves the voluntariness of
appellant's initial plea of guilty. Yet, this too is something which we cannot consider
due to Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001). Nor may we address
the third and final ground asserted, i.e. the effectiveness of counsel at the time of the
initial plea. Like the matter of voluntariness, it too is a subject that could have been
raised on appeal immediately after the trial court deferred appellant's adjudication of
guilt but which does not void the judgment. 

 Finally, upon conducting our own independent review of the file pursuant to
Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), we discern no issue
warranting reversal. Accordingly, the judgment of the trial court is affirmed.

 

 Brian Quinn

 Justice


Do not publish.




1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).


71" Name="Colorful Shading"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-08-0359-CV

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL E

 

JULY 28, 2010

______________________________

 

THI OF TEXAS AT
LUBBOCK I, LLC, D/B/A

 SOUTHWEST REGIONAL SPECIALTY HOSPITAL,
APPELLANT

 

V.

 

MARIO PEREA, INDIVIDUALLY
AND AS REPRESENTATIVE

OF
THE ESTATE OF JACOB PEREA, DECEASED;

MAX
PEREA;TONY PEREA; AND GEORGE PEREA, APPELLEES

_________________________________

 

FROM THE 72ND
DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2005-533.287;
HONORABLE RUBEN REYES, JUDGE

_______________________________

 

 

Before
CAMPBELL and PIRTLE, JJ. and BOYD, S.J.[1]

 

CONCURRING
AND DISSENTING OPINION

 

I
agree with the Courts discussion of appellant THI of Texas at Lubbock I, LLCs
issues challenging denial of its proposed jury instruction on negligence (issue
one); the trial courts allowing the Pereas to amend
their petition during trial (issue two); exclusion of THIs proffered testimony
(issue six) and the trial courts failure to apply liability caps on damages
set out in sections 41.008(b) and 74.301(b) of the Civil Practice and Remedies
Code (issue seven).  With regard to its
issues challenging the sufficiency of the evidence supporting the jurys
findings of negligence and gross negligence (issues three, four and five), I
agree with the Court that legally and factually sufficient evidence supports
the jurys negligence finding with regard to the negligence of THIs
nurses.  I disagree, however, that any
evidence supports the Pereas negligent
credentialing/hiring theory of THIs negligence.  

            As the
Court holds, expert testimony was required to establish that THI failed to act
as a reasonably prudent hospital would act in the same or similar circumstances
with regard to its decision to hire Leonard Espinoza.  The Court relies primarily on the testimony
of Dr. Haines with regard to the hospitals hiring actions.  He said that, when hiring nurses, administrators
should look at the applicants past employment record and determine whether
the applicant had problems or troubles at prior nursing facilities, and that
administrators had a duty to research the background of people they hired.

But neither Dr. Haines nor any other
expert testified that THI did not take those actions when it hired
Espinoza.  No one said that THIs nursing
director Connie Long or any other THI administrator hired Espinoza without review
of his employment record or a determination whether he had problems or
troubles during a prior employment.  The
record contains no expert testimony of THIs breach of the standard of care Dr.
Haines described.  See Garland Cmty. Hosp. v. Rose, 156 S.W.3d 541, 545-46(Tex. 2004) (negligent credentialing). The
Court seems to assume that no reasonably prudent hospital would have hired
Espinoza as a registered nurse knowing of his discipline by the Colorado
authorities under his licensure in that state as a licensed vocational nurse,
but no expert said as much.  Nor did any
expert testify that THIs breach of a duty to act as a reasonably prudent
hospital when it hired Espinoza proximately caused the injury to Mr. Perea.  See, e.g., Denton Regional Med.
Ctr. v. LaCroix, 947 S.W.2d
941, 950 (Tex. App.Fort Worth 1997, no pet.). To the degree the
Court concludes otherwise, I respectfully dissent.

For the same reason, I must dissent from
the Courts conclusion sufficient evidence supported the jurys finding THI was
reckless in employing Espinoza, and thus was grossly negligent.[2]  The jury heard no expert testimony
demonstrating that THI was reckless in employing Espinoza.  No expert was even asked to express an
opinion whether THI acted in a less than prudent manner by hiring him.    

Despite my disagreement with my
colleagues on the negligent credentialing/hiring issue, I concur with Courts
judgment affirming the award of punitive damages against THI, because I agree
that such an award is supported by evidence THIs acknowledged vice-principal,
director of nursing Connie Long, ratified or approved Espinozas negligent
act.  See
Shamrock Communs., Inc. v. Wilie, No. 03-99-00852-CV, 2000 Tex.App.
LEXIS 8284, *14 (Tex.App.Austin 2000, pet. denied.)
(mem. op.) (not designated
for publication), citing Prunty v. Arkansas Freightways, Inc., 16 F.3d 649, 653
(5th Cir. 1994) (case law provides that ratification may occur when
the employer confirms, adopts, or fails to repudiate the acts of its
employee).  The record includes
Espinozas assertion he was never disciplined for authorizing the
administration of Ativan to Mr. Perea
and Longs admission that Espinoza remained employed for the year following
this incident.  Such testimony is
evidence of Longs failure to repudiate Espinozas negligent act of authorizing
administration of Ativan.

Accordingly, I dissent from the Courts
discussion of the plaintiffs negligent credentialing/hiring theory but concur in the judgment.

                                                                        

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 











[1]John T. Boyd, Chief
Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov=t Code Ann. ' 75.002(a)(1) (Vernon 2005).

 





[2]
The jury charge
authorized the jury to find THI was grossly negligent because of an act by
Espinoza if he was unfit and THI was reckless in employing him, or THI or
its vice-principal ratified or approved the act.  No objection was raised to this aspect of the
jury charge, so we examine the sufficiency of the evidence in light of the unobjected-to charge. 
See City of Fort Worth v. Zimlich,
29 S.W.3d 62, 71 (Tex. 2000); Soto v.
Seven Seventeen HBE Corp., 52 S.W.3d 201, 204 (Tex.App.Houston
[14th Dist.] 2000, no pet.).