NO. 07-08-0359-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 28, 2010
_____

THI OF TEXAS AT LUBBOCK I, LLC, D/B/A
SOUTHWEST REGIONAL SPECIALTY HOSPITAL, APPELLANT

V.

MARIO PEREA, INDIVIDUALLY AND AS REPRESENTATIVE
OF THE ESTATE OF JACOB PEREA, DECEASED;
MAX PEREA;TONY PEREA; AND GEORGE PEREA, APPELLEES
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-533.287; HONORABLE RUBEN REYES, JUDGE
_____

Before CAMPBELL and PIRTLE, JJ. and BOYD, S.J.[1]

**CONCURRING AND DISSENTING OPINION**

I agree with the Court's discussion of appellant THI of Texas at Lubbock I, LLC's

issues challenging denial of its proposed jury instruction on negligence (issue one); the

trial court's allowing the Pereas to amend their petition during trial (issue two); exclusion

of THI's proffered testimony (issue six) and the trial court's failure to apply liability caps

on damages set out in sections 41.008(b) and 74.301(b) of the Civil Practice and

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon 2005).

Remedies Code (issue seven). With regard to its issues challenging the sufficiency of the evidence supporting the jury's findings of negligence and gross negligence (issues three, four and five), I agree with the Court that legally and factually sufficient evidence supports the jury's negligence finding with regard to the negligence of THI's nurses. I disagree, however, that any evidence supports the Pereas' "negligent credentialing/hiring" theory of THI's negligence.

As the Court holds, expert testimony was required to establish that THI failed to act as a reasonably prudent hospital would act in the same or similar circumstances with regard to its decision to hire Leonard Espinoza. The Court relies primarily on the testimony of Dr. Haines with regard to the hospital's hiring actions. He said that, when hiring nurses, administrators "should look at" the applicant's past employment record and determine whether the applicant "had problems or troubles at prior nursing facilities," and that administrators "had a duty to research the background of people they hired."

But neither Dr. Haines nor any other expert testified that THI did not take those actions when it hired Espinoza. No one said that THI's nursing director Connie Long or any other THI administrator hired Espinoza without review of his employment record or a determination whether he had "problems or troubles" during a prior employment. The record contains no expert testimony of THI's breach of the standard of care Dr. Haines described. *See Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 545-46(Tex. 2004) (negligent credentialing). The Court seems to assume that no reasonably prudent hospital would have hired Espinoza as a registered nurse knowing of his discipline by

2

the Colorado authorities under his licensure in that state as a licensed vocational nurse, but no expert said as much. Nor did any expert testify that THI's breach of a duty to act as a reasonably prudent hospital when it hired Espinoza proximately caused the injury to Mr. Perea. *See, e.g., Denton Regional Med. Ctr. v. LaCroix*, 947 S.W.2d 941, 950 (Tex. App.—Fort Worth 1997, no pet.). To the degree the Court concludes otherwise, I respectfully dissent.

For the same reason, I must dissent from the Court's conclusion sufficient evidence supported the jury's finding THI was "reckless in employing" Espinoza, and thus was grossly negligent.[2] The jury heard no expert testimony demonstrating that THI was reckless in employing Espinoza. No expert was even asked to express an opinion whether THI acted in a less than prudent manner by hiring him.

Despite my disagreement with my colleagues on the "negligent credentialing/hiring" issue, I concur with Court's judgment affirming the award of punitive damages against THI, because I agree that such an award is supported by evidence THI's acknowledged vice-principal, director of nursing Connie Long, ratified or approved Espinoza's negligent act. *See Shamrock Communs., Inc. v. Wilie,* No. 03-99-00852-CV, 2000 Tex.App. LEXIS 8284, *14 (Tex.App.—Austin 2000, pet. denied.) (mem. op.) (not designated for publication), *citing Prunty v. Arkansas Freightways, Inc.,* 16 F.3d

---

[2] The jury charge authorized the jury to find THI was grossly negligent because of an act by Espinoza if he was "unfit" and THI "was reckless in employing him," or THI or its vice-principal ratified or approved the act. No objection was raised to this aspect of the jury charge, so we examine the sufficiency of the evidence in light of the unobjected-to charge. *See City of Fort Worth v. Zimlich,* 29 S.W.3d 62, 71 (Tex. 2000); *Soto v. Seven Seventeen HBE Corp.,* 52 S.W.3d 201, 204 (Tex.App.—Houston [14th Dist.] 2000, no pet.).

649, 653 (5th Cir. 1994) (case law provides that ratification may occur when the employer confirms, adopts, or fails to repudiate the acts of its employee). The record includes Espinoza's assertion he was never disciplined for authorizing the administration of Ativan to Mr. Perea and Long's admission that Espinoza remained employed for the year following this incident. Such testimony is evidence of Long's failure to repudiate Espinoza's negligent act of authorizing administration of Ativan.

Accordingly, I dissent from the Court's discussion of the plaintiffs' "negligent credentialing/hiring" theory but concur in the judgment.

James T. Campbell
Justice