**Affirmed and Memorandum Opinion filed March 6, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00550-CV

**VICKI O'KELLEY CRAFT, Appellant**

**V.**

**CHARLIE A. SALVATO, Appellee**

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 957039**

## M E M O R A N D U M   O P I N I O N

In this car accident suit, appellant, Vicki O'Kelley Craft, appeals from a jury finding her negligent in a traffic accident in which she and appellee, Charlie A. Salvato, were involved. She challenges the legal and factual sufficiency of the evidence to support the jury's finding that she was sixty percent at fault in the accident. We affirm.

### BACKGROUND

On February 4, 2010, Craft and Salvato were involved in a two-car accident on South Gessner Road between Westheimer Street and Memorial Drive in Houston. At the

location of the accident, South Gessner runs north/south with two lanes of traffic in each direction and a center median, with openings for turning vehicles. Craft, who was exiting a parking lot on the west side of South Gessner intending to turn left onto South Gessner, claimed that Salvato rapidly exited from a street on the east side of South Gessner, also turning left, and hit her car as she crossed the road. She asserted that Salvato did not stop in the opening in the median of the road. Salvato, on the other hand, stated that he was heading westbound on Wood Lake Lane towards South Gessner, intending to turn left onto South Gessner. According to Salvato, after stopping at the intersection of Wood Lake Lane and South Gessner, he waited for northbound traffic on South Gessner to pass and then drove across the northbound lanes of South Gessner and stopped in the opening in the median. Salvato testified that he waited for several southbound vehicles to pass on South Gessner before he started turning left into the southbound lanes of South Gessner. He stated he hit Craft's vehicle almost immediately as he began his turn.

Craft sued Salvato for negligence based on this accident., seeking repair costs of $1,489.01, rental car reimbursement in the amount of $353.44, and dimunition in value to her vehicle of $500.00.[1] Salvato responded, asserting the affirmative defense of contributory negligence. At trial, both Craft and Salvato explained their versions of events, described above. Craft introduced into evidence photographs of the damage to their vehicles that she alleged supported her version of the accident and made Salvato's version impossible. These photographs showed damage to the left front wheel of Craft's vehicle and the left front bumper of Salvato's vehicle.[2] The jury returned a verdict finding that Craft was sixty percent negligent and Salvato was forty percent negligent in the accident. Based on this verdict, the trial court entered a take-nothing judgment in favor of Salvato. Following a motion for new trial, Craft timely appealed the judgment.

---

[1] Salvato counter-sued, but non-suited his negligence claim before trial.

[2] Salvato testified that his left front turn signal light was also damaged in the accident. The photographs do not depict this damage, however, because Salvato immediately drove his vehicle to have this signal repaired because he did not want to risk getting a traffic ticket for having a hanging turn signal.

## ANALYSIS

### A.  Standard of Review

When, as here, an appellant attacks the legal sufficiency of an adverse finding on an issue on which she did not have the burden of proof, she must demonstrate that no evidence supports the finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). We review the evidence presented at trial in the light most favorable to the jury's verdict, crediting evidence favorable to that party if reasonable jurors could and disregarding evidence unless reasonable jurors could not. *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).  Anything more than a "scintilla of evidence" is legally sufficient to support the jury's finding. *Cont'l Coffee Prods., Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996).  To be more than a scintilla, the evidence must rise "to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994).

When reviewing a factual sufficiency challenge, we consider, weigh, and examine all of the evidence in the record, both supporting and against the finding, to decide whether the verdict should be set aside. *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442,445 (Tex. 1989); *Pool v. Ford Motor Co.*, 715 S.W.2d 629,635 (Tex. 1986).  A finding should be set aside if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

Sufficiency of the evidence must be reviewed using the definitions and instructions contained in an unobjected-to jury charge. *Soto v. Seven Seventeen HBE Corp.*, 52 S.W.3d 201, 204 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing *Larson v. Cook Consultants. Inc.*, 690 S.W.2d 567, 568 (Tex. 1985).  Finally, we emphasize that "[j]urors are the sole judges of the credibility of the witnesses and the weight to be given their testimony.  They may choose to believe one witness and

3

disbelieve another. Reviewing courts cannot impose their own opinions to the contrary." *City of Keller*, 168 S.W.3d at 819 (footnotes omitted).

### B. Application

In her sole issue, Craft contends that the evidence is neither legally nor factually sufficient to support the jury's finding regarding her negligence. According to Craft, the existence of her photographic evidence regarding the damage to the two vehicles demonstrates a fatal inconsistency in Salvato's testimony. She asserts that the photographic evidence of the damage makes his version of events impossible.

This photographic evidence, however, only shows the specific location where both vehicles were damaged; there was no conflict regarding the location of the damage to the vehicles. In fact, Salvato admitted that he hit Craft's vehicle. He testified repeatedly that he was stopped in the median opening, watching for traffic coming from his right, and once the traffic cleared, he began his left turn onto South Gessner and bumped into Craft's vehicle. He could not explain how Craft's vehicle arrived at the intersection because, as he testified, he was watching for traffic coming from his right and believed that, because he arrived at the median when no other cars were present, he had the right-of-way to turn left. Although Craft asserts that Salvato's failure to explain how her vehicle arrived at the median intersection indicates there is no evidence of her negligence, the jury was entitled to believe Salvato's version of events. Further, her claim that the photographic evidence of damage to the vehicles supports her version of events and makes his version of events impossible is not availing. Salvato could have bumped her left front tire with his left front bumper as she was approaching the opening in the median to turn left when he began his turn to the left.

This case involved a "swearing match" between the two parties. The jury, as the sole judge of the credibility of the witnesses, believed that Craft was sixty percent negligent and Salvato was forty percent negligent in this accident. There is simply nothing in this record that supports disturbing the jury's findings. After reviewing the evidence presented at trial in the light most favorable to the jury's verdict, crediting

4

evidence favorable to Craft if reasonable jurors could and disregarding evidence unless reasonable jurors could not, we conclude that the evidence is legally sufficient to support the jury's verdict. *Guevara*, 247 S.W.3d at 665. Further, after examining all the evidence, we conclude that it is not so weak nor is the jury's finding so against the great weight and preponderance of the evidence that it is clearly wrong and unjust;[3] hence, the evidence is factually sufficient to support the jury's verdict.

Accordingly, we overrule Craft's sole issue on appeal and affirm the trial court's judgment.

/s/    Adele Hedges
        Chief Justice

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

---

[3] *Dow Chem. Co.*, 46 S.W.3d at 242.