**Billy Ray McINROE, Appellant,**

v.

**Douglas G. LLOYD and Veronica M. Lloyd, Appellees.**

**No. 2–91–210–CV.**

Court of Appeals of Texas, Fort Worth.

Jan. 28, 1993.

Rehearing Overruled March 9, 1993.

---

Harold Phelan, Phelan and Phelan, Levelland, for appellant.

Carter L. Hampton, Staples & Hampton, Hurst, for appellees.

Before WEAVER, C.J., and HILL and LATTIMORE, JJ.

## OPINION

WEAVER, Chief Justice.

Appellant, Billy Ray McInroe, brought suit against appellees, Douglas G. Lloyd and Veronica M. Lloyd, seeking foreclosure of a vendor's lien and damages for breach of contract. Following a bench trial, the trial court entered a take-nothing judgment against appellant and awarded attorneys fees to appellees. We reverse and remand.

The suit arose out of a sale of 100 acres of land from appellant to appellees. The property was deeded to appellees on January 29, 1985. The deed recites that in consideration for this purchase, the appellees:

(1) Assumed the balance owing on three separate promissory notes as listed in the deed;

(2) Executed a promissory note (the "Note") to appellant in the amount of $17,312.13. Payment of the Note was specifically secured by a vendor's lien retained in the deed and by a separate deed of trust of even date,[1] and;

(3) Agreed to exercise an option, to purchase another tract consisting of 261 acres, as contained in an Option To Purchase Real Property (the "Option Agreement") dated May 24, 1983, the option being owned by appellant at the time of the sale of the 100 acres.

As further consideration for the sale of the 100 acres, appellees assumed payment of a $7,000.00 note which was given in consideration for the option, the same being payable in $250.00 quarterly installments. Under the terms of the deed, the appellees agreed to exercise the option according to the terms and conditions of the Option Agreement and also according to the terms and conditions of an Agreement Concerning Real Estate which was entered into by the parties at the time the deed was signed on January 29, 1985. The option period expired on December 31, 1990, without having been exercised by appellees.

The appellees offer as an excuse for not exercising the option that on September 5, 1989, the 261 acre tract was foreclosed on by the First State Bank of Grandview under a deed of trust and note dated July 1, 1987. Appellees do not contend before us that such foreclosure destroyed their rights under the option, and the trial court found that the bank's deed of trust was subsequent in time to, and was filed for record after, appellant's asserted vendor's lien dated January 29, 1985.

Appellant brought this suit to foreclose his vendor's lien on the 100 acre tract based on the appellees' breach of the terms of the deed in failing to exercise the option on the 261 acres. The trial court found that the contract to purchase the 100 acres of land was a legally binding contract; that a partial consideration for the purchase of that tract was appellees' agreement to exercise the option to purchase the 261 acres of land before the option expired; that appellees failed to exercise the option; that appellees failed to make all of the installments necessary to keep the option current; that if appellees had exercised such option that appellant would have received $2,700.00 in cash, a note for $16,925.00, and $1,250.00 paid by him on the Option Agreement; but then found that appellant incurred no damages for appellees' failure to exercise such option.

---

1. The appellees were not in default in the payment of the Note, and the same is not an issue in this suit.

The trial court concluded that the vendor's lien retained by appellant on the sale of the 100 acres secures appellant only for default of the indebtedness regarding the purchase monies for that tract, and that such vendor's lien does not secure appellant as to any obligations concerning the 261 acre tract. Based upon this conclusion, the take nothing judgment was entered. Appellant brings three points of error.

The principal issue presented in this appeal, as set out in point of error one, is whether the vendor's lien before us secured only the monetary obligations of the purchasers or whether the same also secures performance of the contractual obligations of the purchasers to exercise the option on the 261 acres, and particularly since the agreement to exercise the option constituted part of the consideration given by the appellees for the purchase of the 100 acres.

The deed, in addition to specifically retaining a vendor's lien to secure the payment of the $17,312.13 note given to appellant, also contains the following language which we deem pertinent respecting whether appellees' obligation to exercise the option is secured by a vendor's lien:

> When the Grantees ... have fully exercised the aforesaid Option to Purchase Real Property ... and have fully complied with the terms and conditions of the agreement ... then and in that event, title of the said Grantees in and to the aforesaid tract of land shall vest and become absolute, but not before;
>
> ....
>
> But it is expressly agreed that the Vendor's Lien, as well as the Superior Title in and to the above described premises, is retained against the above described property ... until the above described notes and all interest thereon are fully paid ... and until the aforesaid Option to Purchase Real Property, and the aforesaid agreement have been exercised and fully complied with, when this Deed shall become absolute.

We consider these provisions as creating or retaining a vendor's lien to secure the obligations of the appellees to exercise the option, unless there is prevailing law to the contrary which holds that such liens reach only the monetary portions of the purchase price for the property. We find no such case law.

A vendor who expressly reserves a lien holds a superior title as security for the payment of the purchase money. *State v. Forest Lawn Lot Owners Ass'n,* 152 Tex. 41, 254 S.W.2d 87, 91 (1953). Deeds subject to the reserved lien are considered executory contracts; the superior legal title remains in the seller, and the buyer acquires an equitable right to obtain legal title by payment of the purchase money. *Id.*

"Purchase money" does not necessarily mean a money obligation, and a vendor's lien will secure nonmoney obligations. *De-Busk v. Jacksonville Bldg. & Loan Ass'n,* 147 S.W.2d 537, 541 (Tex.Civ.App.—Eastland 1941, writ dism'd judgm't cor.) (vendor's lien not waived by contracting for payment in goods instead of money); *Arlington Heights Realty Co. v. Citizens' Ry. & Light Co.,* 160 S.W. 1109, 1119 (Tex. Civ.App.—Amarillo 1913, no writ) (vendor's lien secured purchaser's obligation to construct streetcar line). We hold that the vendor's lien before us did secure the obligation of appellees to exercise the option to purchase the 261 acres. Moreover, once the option was exercised, appellant would have been entitled to receive the cash and a note from appellees as mentioned above. We find that the trial court erred by holding that the vendor's lien did not secure the appellee's obligation to exercise the option to purchase the 261 acres of land. Point of error one is sustained.

Because we have held under point of error one that the vendor's lien did secure the obligation of the purchaser to exercise the option, and because appellees obviously breached the obligation by not exercising such option, we need not address point of error two regarding appellant's complaint that the trial court's findings of fact do not support the judgment.

Appellant's third point of error challenges the trial court's award of appellee's attorneys fees. Because we reverse and remand based upon point of error one, we

sustain appellant's third point of error and vacate the award of attorneys fees in favor of appellees.

The judgment of the trial court is reversed and the case is remanded to the trial court with instructions to enter an appropriate judgment granting foreclosure on the vendor's lien and such other relief to which appellant is entitled.