Patricia L. UPTON, Appellant,

v.

GENSCO, INC., d/b/a Armstrong McCall and/or Gensco, Inc., d/b/a Armstrong McCall of Arlington and/or Tom Gensler d/b/a Armstrong McCall of Arlington, Appellees.

No. 2–96–283–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 4, 1997.

Ordered Published Jan. 15, 1998.

Rehearing Overruled Jan. 15, 1998.

Barkholtz & Boehme, L.L.P., L.E. Lou Barkholtz, Fort Worth, for appellant.

Peebles, Betty & Brantley, C.D. Peebles, Fort Worth, for appellee.

Before LIVINGSTON, DAUPHINOT and RICHARDS, JJ.

## OPINION

LIVINGSTON, Justice.

This is an appeal from a summary judgment for appellee Gensco, Inc.[1] The trial court concluded that appellee's employee, Tom McGraw, was not in the course and scope of his employment when he became involved in an automobile accident with appellant Patricia Upton. Based on this conclusion, the trial court granted appellee's motion for summary judgment and denied appellant's motion for summary judgment. In two points on appeal, appellant challenges these rulings, contending the evidence shows that McGraw was in the course and scope of his employment.

■ McGraw was a traveling salesman with an established weekly sales call route. On February 8, 1994, McCall was traveling home from his normal round of sales calls for the day when he was in an accident involving appellant. McCall was driving his own vehicle and had chosen his own route home. Although theoretically appellee had the right to ask McGraw to make other sales calls after completing his normal calls for a particular day, appellee had never exercised that right. We must determine whether, under these circumstances, McGraw was in the course and scope of his employment when the accident occurred. Because we conclude that he was not, we affirm the trial court's judgment.

■ Generally, an employee is not in the course and scope of his employment while driving his own vehicle to and from his place of work. *See Chevron, U.S.A., Inc. v. Lee,* 847 S.W.2d 354, 355 (Tex.App.—El Paso 1993, no writ); *Wilson v. H.E. Butt Grocery Co.,* 758 S.W.2d 904, 907 (Tex.App.—Corpus Christi 1988, no writ). The exceptions to this rule are where the employee has undertaken a special mission at the employer's direction, or is otherwise performing a service in furtherance of the employer's business with the express or implied approval of the employer. *See Chevron,* 847 S.W.2d at 355; *Gebert v. Clifton,* 553 S.W.2d 230, 232 (Tex.Civ.App.— Houston [14th Dist.] 1977, writ dism'd).

■ The evidence in this case conclusively shows that McGraw was not on a special mission when the accident occurred. A special mission is a specific errand that an employee performs for his employer, either as part of his duties or at his employer's re-

---

1. Appellees are identified in the style of the case as "Gensco, Inc., d/b/a Armstrong McCall and/or Gensco, Inc., d/b/a Armstrong McCall of Arling- ton and/or Tom Gensler d/b/a Armstrong McCall of Arlington." We refer to them collectively as appellee throughout this opinion.

quest. It involves work or a work-related activity apart from the employee's regular job duties. *See Chevron,* 847 S.W.2d at 356 (employee traveling en route to mandatory seminar was on a special mission); *Best Steel Bldgs., Inc. v. Hardin,* 553 S.W.2d 122, 129 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.) (employees traveling from job site to pick up supplies were on a special mission); *see also Direkly v. ARA Devcon, Inc.,* 866 S.W.2d 652, 654 (Tex.App.—Houston [1 st Dist.] 1993, writ dism'd w.o.j.) (employee who stopped at friend's house to retrieve briefcase so she could work at home was not on a special mission). In this case, McGraw was merely driving home from his normal round of sales calls for the day; he was not returning from a special errand for appellee.

■ Moreover, McGraw's trip home was not in furtherance of appellee's business. "When the employer neither requires any particular means of travel nor directs the employee to take a particular route, the employee is not engaged in the furtherance of the master's business." *Wilson,* 758 S.W.2d at 907 (citing *London v. Texas Power & Light Co.,* 620 S.W.2d 718, 720 (Tex.Civ. App.—Dallas 1981, no writ)); *accord J & C Drilling Co. v. Salaiz,* 866 S.W.2d 632, 636 (Tex.App.—San Antonio 1993, no writ). The evidence conclusively establishes that McGraw was responsible for providing his own means of travel and that appellee had never told McGraw which route to take home. On the day of the accident, McGraw could have driven home by three different routes, and he chose the one that had the least amount of rush hour traffic.

Appellant relies on three Texas cases and several cases from other jurisdictions to support her position that McGraw was in the course and scope of his employment when the accident occurred. We are unpersuaded by other jurisdictions' rulings on this issue, and the Texas cases are not on point. The employees in two of those cases were on special missions when their accidents occurred. *See Best Steel Bldgs., Inc.* 553 S.W.2d at 129 (employees sent from job site to pick up supplies); *Guitar v. Wheeler,* 36 S.W.2d 325, 328 (Tex.Civ.App.—El Paso 1931, no writ) (employee returning home

from showing work to prospective employee). *Jecker v. Western Alliance Ins. Co.,* 369 S.W.2d 776 (Tex.1963) is also inapposite because it is a worker's compensation case in which the court interpreted the version of the worker's compensation law then in place. *See id.* at 778–79. Further, the employee was traveling home from a one-time repair call, not an established round of service calls. *See id.* at 780.

Because McGraw was traveling home from work when the accident occurred, and because he was not on a special mission or in the furtherance of appellee's business, he was not in the course and scope of his employment at the time of the accident.

We overrule appellant's points and affirm the trial court's judgment.