02-11-471-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00471-CV

 

 


 
 
 Jesse A. Rocamontes and Kimberly S. Grobe
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Evergreen Presbyterian Ministries, Inc. 
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 17th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          This
is a summary judgment appeal.  One afternoon, an automobile driven by Patsy R.
Wilson struck and killed a fifteen-year-old pedestrian, Cody Rocamontes. 
Wilson is employed by Appellee Evergreen Presbyterian Ministries, Inc.  Cody’s
parents, Appellants Jesse A. Rocamontes and Kimberly S. Grobe, sued Evergreen
alleging that it was vicariously liable for any negligence by Wilson in hitting
Cody because she was in the course and scope of her employment or was on a special
mission when she struck Cody.  The trial court granted Evergreen’s no-evidence
and traditional motion for summary judgment.  Appellants perfected this appeal.

          When a party moves for both no-evidence and traditional
summary judgment, we first review the trial court’s summary judgment under the
no-evidence standard.  Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600
(Tex. 2004).  Under that standard, after an adequate time for discovery,
the party without the burden of proof may, without presenting evidence, move
for summary judgment on the ground that there is no evidence to support an
essential element of the nonmovant’s claim or defense.  Tex. R. Civ. P.
166a(i).  The motion must specifically state the elements for which there is no
evidence.  Id.; Timpte Indus., Inc. v. Gish, 286 S.W.3d 306, 310
(Tex. 2009).  The trial court must grant the motion unless the nonmovant
produces summary judgment evidence that raises a genuine issue of material
fact.  See Tex. R. Civ. P. 166a(i) & cmt.; Hamilton v. Wilson,
249 S.W.3d 425, 426 (Tex. 2008).

          When
reviewing a no-evidence summary judgment, we examine the entire record in the
light most favorable to the nonmovant, indulging every reasonable inference and
resolving any doubts against the motion.  Sudan v. Sudan, 199 S.W.3d
291, 292 (Tex. 2006).  We review a no-evidence summary judgment for evidence
that would enable reasonable and fair-minded jurors to differ in their
conclusions.  Hamilton, 249 S.W.3d at 426 (citing City of Keller v.
Wilson, 168 S.W.3d 802, 822 (Tex. 2005)).  We credit evidence favorable to
the nonmovant if reasonable jurors could, and we disregard evidence contrary to
the nonmovant unless reasonable jurors could not.  Timpte Indus., 286
S.W.3d at 310 (quoting Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582
(Tex. 2006)).  If the nonmovant brings forward more than a scintilla of
probative evidence that raises a genuine issue of material fact, then a
no-evidence summary judgment is not proper.  Smith v. O’Donnell, 288
S.W.3d 417, 424 (Tex. 2009); King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003), cert. denied, 541 U.S. 1030 (2004).

          Evergreen’s
no-evidence summary judgment motion alleged that no evidence exists that Wilson
was in the course and scope of her employment with Evergreen at the time of the
accident or that Wilson fell within the special mission exception to the course
and scope requirement.  The summary judgment evidence filed by Appellants
establishes that Wilson was employed part time as a caregiver by Evergreen and
was paid on an hourly basis.  Evergreen operates numerous assisted living
homes.  Approximately 90% of the time, Wilson worked at Evergreen’s Echo Summit
House.  On the date of the accident, Wilson was scheduled to work at
Evergreen’s Endicott House because of staffing problems there.  Prior to
reporting for work at the Endicott House, Wilson drove her car to the Echo
Summit House to check the posted work schedule and to confirm that she was to
go to the Endicott House.  After checking the schedule, Wilson left the Echo
Summit House to drive to the Endicott House; she stopped at Albertson’s on the
way to purchase a bag of pretzels.  Albertson’s is approximately two miles from
the Echo Summit House and is on the way to the Endicott House.  After leaving Albertson’s,
Wilson took the most direct route to the Endicott House, and on her way, she
struck and killed Cody.

Wilson’s
deposition and the deposition of Barbara Jobe, Wilson’s supervisor, both were
attached to Appellants’ response to Evergreen’s no-evidence and traditional
motion for summary judgment.  Wilson testified in her deposition that she signs
in and out on a time sheet each day to show the hours she worked that day; she
did not sign in at the Echo Summit House when she checked the schedule.  Jobe
testified in her deposition that Evergreen provides company vehicles at each of
its assisted living facilities, and employees do not use their personal
vehicles when they are performing work duties.  Wilson explained that Evergreen
does not reimburse mileage or pay for time that employees spend in their
personal vehicles and that Evergreen did not instruct her on any route to take
from the Echo Summit House to the Endicott House.

An employer may be held liable for the tortious acts of an
employee if the acts are within the course and scope of employment.  See Baptist Mem’l Hosp. Sys. v.
Sampson, 969 S.W.2d 945, 947 (Tex. 1998).  In order to render the master
liable for an act of his employee, the act must be committed within the scope of
the general authority of the employee, in furtherance of the master’s business,
and for the accomplishment of the object for which the servant was hired.  Leadon
v. Kimbrough Bros. Lumber Co., 484 S.W.2d 567, 569 (Tex. 1972); Robertson
Tank Lines, Inc. v. Van Cleave, 468 S.W.2d 354, 357 (Tex. 1971).  An employer is liable for the
negligent acts of his employee only if, on the occasion in question, the
employer had the right and power to direct and control the employee in the
performance of the causal act or omission at the time of its occurrence.  St.
Joseph Hosp. v. Wolff, 94 S.W.3d 513, 542 (Tex. 2003); Arbelaez
v. Just Brakes Corp., 149 S.W.3d 717, 720 (Tex. App.—Austin 2004, no pet.).

An
employee generally is not in the course and scope of employment while driving a
vehicle to and from his place of work.  London
v. Tex. Power & Light Co., 620 S.W.2d 718, 720 (Tex. Civ. App.—Dallas
1981, no writ).  However, an exception to this general rule exists “where an
employee has undertaken a special mission at the direction of his
employer.”  Chevron U.S.A., Inc. v. Lee, 847 S.W.2d 354, 356 (Tex.
App.—El Paso 1993, no writ).  To be on a special mission, an employee must be
under the control or acting in furtherance of the employer.  Upton v.
Gensco, Inc., 962 S.W.2d 620, 621 (Tex. App.—Fort Worth 1997, pet. denied);
Direkly v. ARA Devcon, Inc., 866 S.W.2d 652, 654 (Tex. App.—Houston [1st
Dist.] 1993, writ dism’d w.o.j.).  

Although
the summary judgment evidence produced by Appellants establishes that Wilson
was driving her own vehicle and was on her way to work at the Endicott House
when the accident occurred, Appellants nonetheless argue that genuine issues of
material fact exist on the course and scope element of their vicarious
liability claim because Wilson elected to travel to the Echo Summit House to
check the work schedule.  Appellants argue that checking the schedule was
within the scope of Wilson’s authority, was in furtherance of Evergreen’s
business, and was for the accomplishment of the object for which Wilson was
hired, see Direkly, 866 S.W.2d at 654, and thus put her travel from the Echo
Summit House to the Endicott House within the course and scope of her
employment.  Essentially, Appellants contend that Wilson’s conduct in checking
the work schedule was in furtherance of the interest of Evergreen because she
was ensuring that she would be at the proper jobsite at the proper time.[2] 
Despite Appellants’ thorough efforts at flushing this issue out in their
briefing, the summary judgment evidence in the record shows no more than that
Wilson was on her way to work when the accident occurred; she was not in
furtherance of the accomplishment of Evergreen’s business after stopping at the
Echo Summit House to check the schedule any more than she would have been had
she driven straight from her home to the Endicott House.  And an employee is
not in the course and scope of his employment merely by driving to and from his
place of work.  See, e.g., Upton, 962 S.W.2d at 621; Chevron,
U.S.A., 847 S.W.2d at 356; Wilson v. H.E. Butt Grocery Co., 758
S.W.2d 904, 907 (Tex. App.—Corpus Christi 1988, no writ).  

Appellants
point out that a special mission exception exists to the course and scope
vicarious liability requirement and argue alternatively that a fact issue
exists as to whether Wilson was on a special mission for Evergreen.  Again, the
special mission evidence that Appellants point to is Wilson’s obtaining of
information that will enable her to arrive at work at the correct time and
location.  The summary judgment evidence establishes that Evergreen did not
direct Wilson to check the schedule at the Echo Summit House, no evidence
exists of any policy requiring employees to check the schedule in person at the
Echo Summit House, and no evidence exists that Evergreen directed or controlled
Wilson’s decisions on how to drive from the Echo Summit House to the Endicott
House.  Again, despite Appellants’ thorough efforts at flushing this issue out
in their briefing, the summary judgment evidence in the record shows no more than
that Wilson was on her way to work when the accident occurred; she was not on a
special mission directed by Evergreen because of her stop at the Echo Summit
House to check the schedule any more than she would have been had she driven
straight from her home to Endicott House.  See, e.g., Upton, 962
S.W.2d at 621; Direkly, 866 S.W.2d at 654.   

Examining
the entire record in the light most favorable to Appellants as the nonmovants,
indulging every reasonable inference and resolving any doubts against Evergreen’s
no-evidence motion, no evidence exists that Wilson was in the course and scope
of her employment with Evergreen when the accident occurred, and no evidence
exists that Wilson was on a special mission for Evergreen when the accident
occurred.  We overrule Appellants’ sole issue and affirm the trial court’s
no-evidence summary judgment for Evergreen on Appellants’ vicarious liability
claim against Evergreen.    

 

 

SUE WALKER
JUSTICE

 

PANEL: 
DAUPHINOT, WALKER, and GABRIEL, JJ.

 

DELIVERED:  October 18, 2012

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00471-CV

 

 


 
 
 Jesse
 A. Rocamontes and Kimberly S. Grobe
  
 v.
  
  
 Evergreen
 Presbyterian Ministries, Inc.
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 17th District Court
  
 of
 Tarrant County (17-239713-09)
  
 October
 18, 2012
  
 Opinion
 by Justice Walker
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

          It
is further ordered that appellants Jesse A. Rocamontes and Kimberly S. Grobe
shall pay all of the costs of this appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Sue Walker

 

 








 









[1]See Tex. R. App. P. 47.4.





[2]Wilson was asked the
following at her deposition:

Q.  Were you furthering the interest of Evergreen
Presbyterian Ministries, Inc., to show up for work that day?

A.  Yes.

Q.  And were your furthering the interest of Evergreen
Presbyterian Ministries, Inc., to show up at the proper location at the proper
time - -

A.  Yes.