

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00471-CV

JESSE A. ROCAMONTES AND                                          APPELLANTS
KIMBERLY S. GROBE

V.

EVERGREEN PRESBYTERIAN                                              APPELLEE
MINISTRIES, INC.

----------

### FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is a summary judgment appeal.  One afternoon, an automobile driven by Patsy R. Wilson struck and killed a fifteen-year-old pedestrian, Cody Rocamontes.  Wilson is employed by Appellee Evergreen Presbyterian Ministries, Inc.  Cody's parents, Appellants Jesse A. Rocamontes and Kimberly S. Grobe, sued Evergreen alleging that it was vicariously liable for any

---

[1]*See* Tex. R. App. P. 47.4.

negligence by Wilson in hitting Cody because she was in the course and scope of her employment or was on a special mission when she struck Cody. The trial court granted Evergreen's no-evidence and traditional motion for summary judgment. Appellants perfected this appeal.

When a party moves for both no-evidence and traditional summary judgment, we first review the trial court's summary judgment under the no-evidence standard. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Under that standard, after an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168

S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).

Evergreen's no-evidence summary judgment motion alleged that no evidence exists that Wilson was in the course and scope of her employment with Evergreen at the time of the accident or that Wilson fell within the special mission exception to the course and scope requirement. The summary judgment evidence filed by Appellants establishes that Wilson was employed part time as a caregiver by Evergreen and was paid on an hourly basis. Evergreen operates numerous assisted living homes. Approximately 90% of the time, Wilson worked at Evergreen's Echo Summit House. On the date of the accident, Wilson was scheduled to work at Evergreen's Endicott House because of staffing problems there. Prior to reporting for work at the Endicott House, Wilson drove her car to the Echo Summit House to check the posted work schedule and to confirm that she was to go to the Endicott House. After checking the schedule, Wilson left the Echo Summit House to drive to the Endicott House; she stopped at Albertson's

3

on the way to purchase a bag of pretzels. Albertson's is approximately two miles from the Echo Summit House and is on the way to the Endicott House. After leaving Albertson's, Wilson took the most direct route to the Endicott House, and on her way, she struck and killed Cody.

Wilson's deposition and the deposition of Barbara Jobe, Wilson's supervisor, both were attached to Appellants' response to Evergreen's no-evidence and traditional motion for summary judgment. Wilson testified in her deposition that she signs in and out on a time sheet each day to show the hours she worked that day; she did not sign in at the Echo Summit House when she checked the schedule. Jobe testified in her deposition that Evergreen provides company vehicles at each of its assisted living facilities, and employees do not use their personal vehicles when they are performing work duties. Wilson explained that Evergreen does not reimburse mileage or pay for time that employees spend in their personal vehicles and that Evergreen did not instruct her on any route to take from the Echo Summit House to the Endicott House.

An employer may be held liable for the tortious acts of an employee if the acts are within the course and scope of employment. *See Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). In order to render the master liable for an act of his employee, the act must be committed within the scope of the general authority of the employee, in furtherance of the master's business, and for the accomplishment of the object for which the

4

servant was hired. *Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972); *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971). An employer is liable for the negligent acts of his employee only if, on the occasion in question, the employer had the right and power to direct and control the employee in the performance of the causal act or omission at the time of its occurrence. *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 542 (Tex. 2003); *Arbelaez v. Just Brakes Corp.*, 149 S.W.3d 717, 720 (Tex. App.—Austin 2004, no pet.).

An employee generally is not in the course and scope of employment while driving a vehicle to and from his place of work. *London v. Tex. Power & Light Co.*, 620 S.W.2d 718, 720 (Tex. Civ. App.—Dallas 1981, no writ). However, an exception to this general rule exists "where an employee has undertaken a special mission at the direction of his employer." *Chevron U.S.A., Inc. v. Lee*, 847 S.W.2d 354, 356 (Tex. App.—El Paso 1993, no writ). To be on a special mission, an employee must be under the control or acting in furtherance of the employer. *Upton v. Gensco, Inc.*, 962 S.W.2d 620, 621 (Tex. App.—Fort Worth 1997, pet. denied); *Direkly v. ARA Devcon, Inc.*, 866 S.W.2d 652, 654 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.).

Although the summary judgment evidence produced by Appellants establishes that Wilson was driving her own vehicle and was on her way to work at the Endicott House when the accident occurred, Appellants nonetheless argue that genuine issues of material fact exist on the course and scope element of

their vicarious liability claim because Wilson elected to travel to the Echo Summit House to check the work schedule. Appellants argue that checking the schedule was within the scope of Wilson's authority, was in furtherance of Evergreen's business, and was for the accomplishment of the object for which Wilson was hired, *see Direkly*, 866 S.W.2d at 654, and thus put her travel from the Echo Summit House to the Endicott House within the course and scope of her employment. Essentially, Appellants contend that Wilson's conduct in checking the work schedule was in furtherance of the interest of Evergreen because she was ensuring that she would be at the proper jobsite at the proper time.[2] Despite Appellants' thorough efforts at flushing this issue out in their briefing, the summary judgment evidence in the record shows no more than that Wilson was on her way to work when the accident occurred; she was not in furtherance of the accomplishment of Evergreen's business after stopping at the Echo Summit House to check the schedule any more than she would have been had she driven straight from her home to the Endicott House. And an employee is not in

---

[2]Wilson was asked the following at her deposition:

Q. Were you furthering the interest of Evergreen Presbyterian Ministries, Inc., to show up for work that day?

A. Yes.

Q. And were your furthering the interest of Evergreen Presbyterian Ministries, Inc., to show up at the proper location at the proper time - -

A. Yes.

6

the course and scope of his employment merely by driving to and from his place of work. *See, e.g.*, *Upton*, 962 S.W.2d at 621; *Chevron, U.S.A.*, 847 S.W.2d at 356; *Wilson v. H.E. Butt Grocery Co.*, 758 S.W.2d 904, 907 (Tex. App.—Corpus Christi 1988, no writ).

Appellants point out that a special mission exception exists to the course and scope vicarious liability requirement and argue alternatively that a fact issue exists as to whether Wilson was on a special mission for Evergreen. Again, the special mission evidence that Appellants point to is Wilson's obtaining of information that will enable her to arrive at work at the correct time and location. The summary judgment evidence establishes that Evergreen did not direct Wilson to check the schedule at the Echo Summit House, no evidence exists of any policy requiring employees to check the schedule in person at the Echo Summit House, and no evidence exists that Evergreen directed or controlled Wilson's decisions on how to drive from the Echo Summit House to the Endicott House. Again, despite Appellants' thorough efforts at flushing this issue out in their briefing, the summary judgment evidence in the record shows no more than that Wilson was on her way to work when the accident occurred; she was not on a special mission directed by Evergreen because of her stop at the Echo Summit House to check the schedule any more than she would have been had she driven straight from her home to Endicott House. *See, e.g.*, *Upton*, 962 S.W.2d at 621; *Direkly*, 866 S.W.2d at 654.

7

Examining the entire record in the light most favorable to Appellants as the nonmovants, indulging every reasonable inference and resolving any doubts against Evergreen's no-evidence motion, no evidence exists that Wilson was in the course and scope of her employment with Evergreen when the accident occurred, and no evidence exists that Wilson was on a special mission for Evergreen when the accident occurred. We overrule Appellants' sole issue and affirm the trial court's no-evidence summary judgment for Evergreen on Appellants' vicarious liability claim against Evergreen.

SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED:  October 18, 2012

8